Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd. Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ARLIN SAHNAZOGLU, | ) | CASE NO.:  2:22-cv-2805 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | COMPLAINT FOR DAMAGES |
| MIDLAND FUNDING, LLC and DOES 1 through 10 inclusive, | ) ) ) | |
| Defendants. | ) | |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant MIDLAND FUNDING, LLC alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff also claims violations under California Business and Professions Code §17200, et seq., which prohibits unfair competition,

which includes any unlawful, unfair or fraudulent business act and intrusion upon seclusion.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California.
3. Upon information and belief, Defendant Midland Funding LLC is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2, is a "creditor" as defined pursuant to Cal. Civil Code §1788.2 and is located in San Diego, CA.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and the Court's supplemental jurisdiction, 28 U.S.C. §1367.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant regularly conducts business in this district.

## FACTUAL ALLEGATIONS

5. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
6. That a personal debt was allegedly incurred by Plaintiff.
7. That at a time unknown to Plaintiff herein, Defendant began collection efforts on said debt.
8. That upon information and belief, Defendant filed a lawsuit, case no.12A04409 in the Superior Court of California, County of Los Angeles, (hereinafter referred to as the "Collections Lawsuit") against one "Ari Sahnazoglu" to collect on the aforementioned debt.
9. That Defendant obtained an Earnings Withholding Order (Wage Garnishment) against "Ari Sahnazoglu" in the Collections Lawsuit.

10. That in or about June 2021, Defendant caused Plaintiff's wages account to be garnished, pursuant to said Order in the Collections Lawsuit.

11. That Defendant, in its attempts to collect on the alleged debt, garnished approximately $375.00 of the Plaintiff's wages.

12. That Plaintiff did not owe on any prior account(s) as claimed by the Defendant.

13. That Plaintiff, whose maiden name was "Arlin Sahnazoglu," is not and has not ever used the name "Ari Sahnazoglu."

14. That Defendant abused and harassed Plaintiff by causing various legal actions to be taken against the Plaintiff in an attempt to collect on a debt that she did not owe.

15. That because the documents submitted by the Defendant in support of its claims were inaccurate and a case of mistaken identity, Defendant unlawfully proceeded to execute on an Earnings Withholding Order against the wrong individual, therefore taking legal action against Plaintiff "that could not be legally taken."

16. That to date, Defendant has failed to fully reimburse Plaintiff for the funds it wrongfully obtained by garnishing Plaintiff's wages.

17. That Defendant's attempts to collect on the alleged account confused and deceived Plaintiff.

18. That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: humiliation, stress, anxiety, aggravation and sleepless nights.

19. That Defendant's conduct caused Plaintiff to endure extreme emotional distress, feelings of helplessness, humiliation in her place of employment, and, in the face of the monetary losses, pressure from legal proceedings and the uncertainty and confusion from where the alleged garnishment order originated.

**AS AND FOR A FIRST CAUSE OF ACTION**

20. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

21. That Defendant's conduct and communications contained language demonstrating false statements, threatening implications and deceptive misrepresentations in violation of the FDCPA.

22. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendant are harassing, confusing, misleading, deceptive and unfair:

    a. Defendant violated 15 U.S.C. §1692d by abusing and harassing the Plaintiff;
    b. Defendant violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; for allowing attorneys' signatures to appear on fraudulent documentation and/or without reviewing the file; by threatening to take, or taking, any action that cannot be legally be taken; by using false representations; and by using deceptive means to collect the alleged debt;
    c. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and
    d. Defendant violated 15 U.S.C. §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting Plaintiff's rights and by mischaracterizing the status of the account and the alleged amount owed.

23. That Defendant engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair; of obtaining various orders; and ultimately abusing judicial process to execute upon said judgments, all in an effort to collect on alleged debts.

24. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

25. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

27. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

    a. Defendant has violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title;

    b. Defendant has violated §1788.13(j) with its false representations that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

    c. By the above-referenced violations of the FDCPA, Defendant has violated §1788.17.

28. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

29. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

30. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

32. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

33. That Defendant, by engaging in the acts hereinabove described, has committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

34. That the harm caused by Defendant's conduct outweighs any benefits that Defendant's conduct may have.

35. That a consumer like the Plaintiff is likely to be deceived, and that the Plaintiff was in fact deceived, by Defendant's conduct.

36. That the Defendant has been unjustly enriched by committing said acts.

37. That as a result of Defendant's conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

38. That as a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered substantial injury in fact and lost money and/or property.

39. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover her actual damages and restitution.

## AS AND FOR A FOURTH CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41. That Plaintiff had a reasonable expectation of privacy.

42. That Defendant intentionally intruded in Plaintiff's privacy by, among other things, unlawfully attempting to collect a debt from Plaintiff and illegally garnishing her wages.

43. That Defendant's intrusion would be highly offensive to a reasonable person.
44. That Plaintiff was harmed by Defendant's conduct.
45. That Defendant's conduct was a substantial factor in causing Plaintiff's harm.
46. That Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading, and intruding upon Plaintiff's rights to privacy.
47. That Defendant acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.
48. That the actions taken by the Defendant indicate a willingness to execute, maintain, and pursue improper business practices.
49. That in pursuing their egregious, and unlawful debt collection efforts against Plaintiff, the Defendant acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294(c)(1),(2),(3).

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) Statutory damages and actual damages provided by statute, including, but not limited to: 15 U.S.C. § 1692k et seq., Civil Code §1788.30 et seq., California Business and Professions Code §§17200, et seq and Cal. Civ. Code §3294;

(b) Special, general, and compensatory damages and punitive damages;

(c) Equitable and injunctive relief;

(d) Restitution;

(e) Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1692k, California Civil Code §1788.30, *et seq*., common law and/or the Court's inherent power; and

(f) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to

collect monies not authorized by law from Plaintiff, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: April 27, 2022                                    Respectfully Submitted,

                                                           /S/ Amir J. Goldstein, Esq.
                                                          Amir J. Goldstein, Esq.
                                                          **Attorney for Plaintiff**